
**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

CARLIANZO RAMON WILSON, #329311,

        Petitioner,

v.

                                 Civil Action No. 2:09cv292

GENE M. JOHNSON, Director,
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. This matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons set forth herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Criminal Conviction Background

On March 23, 1993, Petitioner, Carlianzo Ramon Wilson ("Wilson"), was convicted in the Circuit Court of the City of Portsmouth, Virginia, of one (1) count of malicious wounding and

1

one (1) count of the use of a firearm while committing a felony.[1]
On May 14, 1993, Wilson was sentenced to a total of twenty-two (22)
years in prison, with ten (10) years suspended, and ten (10) years
of supervised probation upon release.[2] See Sentencing Order,
Commonwealth v. Wilson, No. CR091-1962 (Va. Cir. Ct. May 14, 1993).
Wilson was released from jail and placed on probation on February
19, 1999. See Probation Violation Report dated February 27, 2003.
On December 16, 2003, the Circuit Court revoked Wilson's probation,
reimposed Wilson's suspended sentence of ten (10) years,
resuspended eight (8) years, and gave him credit for time already
served. Wilson was released on June 30, 2004.

---

[1]    The Court notes that the procedural history of Wilson's
conviction is somewhat complex and that further explanation may be
necessary. Wilson was indicted for one (1) count of robbery, one
(1) count of malicious wounding, and two (2) counts of the use of
a firearm while committing a felony. See Indictment, Commonwealth
v. Wilson, No. CR091-1962 (Va. Cir. Ct. Oct. 3, 1991). Wilson
initially pleaded not guilty and waived his right to a jury trial.
After a bench trial, the Circuit Court found Wilson guilty of all
four (4) counts and sentenced him to a total active sentence of
fifty-one (51) years. See Sentencing Order, Commonwealth v. Wilson,
No. CR091-1962 (Va. Cir. Ct. Jan. 14, 1992).
    A search of the online records of the Court of Appeals of
Virginia revealed that Wilson appealed this judgment. On January
21, 1993, the Court of Appeals, in an unpublished opinion, reversed
and remanded the Circuit Court's judgment. On remand, Wilson
demanded a jury trial, which commenced on March 22, 1993. The jury
found him guilty of malicious wounding and one (1) count of the use
of a firearm, but not guilty of robbery and one (1) count of the
use of a firearm in committing a felony. See Trial Order,
Commonwealth v. Wilson, No. CR091-1962 (Va. Cir. Ct. Mar. 23,
1993).

[2]    Wilson was sentenced to twenty (20) years for the malicious
wounding charge, ten (10) years of which were suspended, and two
(2) years for the use of a firearm charge.

2

On May 26, 2005, probation and parole officer Teresa Rolka ("Rolka") submitted a Probation Violation Report alleging that Wilson violated the terms and conditions of his parole because he was convicted of assault and battery on April 6, 2005, and he failed to report an arrest for a second charge of assault and battery to his probation and parole officer.[3] On August 23, 2005, parole and probation officer Brian Williams ("Williams") submitted an Addendum to the Violation Report alleging that Wilson was convicted of possession with intent to distribute cocaine in the Circuit Court of Portsmouth. On September 28, 2005, after a hearing, the Circuit Court found Wilson to be in violation of his probation. At sentencing, the Court revoked Wilson's probation, imposed a sentence of eight (8) years, which was previously suspended, and gave him credit for time already served.

## B. Direct Appeal Background

On September 29, 2005, Wilson noted his appeal to the Court of Appeals of Virginia. Counsel filed a petition for appeal on February 6, 2006, challenging the revocation of Wilson's entire suspended sentence. Wilson filed a supplemental pro se pleading in the appeal on February 26, 2006, challenging specific decisions made in the Circuit Court during his probation revocation hearing.[4]

---

[3] The second assault and battery charge was nolle prossed in Norfolk Juvenile Domestic Court on April 25, 2005.

[4] More specifically, Wilson raised the following issues in his supplemental pro se petition:

3

On July 11, 2006, the Court of Appeals denied the petition for appeal. The Court of Appeals concluded that "the trial court had sufficient cause to revoke the suspension of the sentence" and that the claims in Wilson's supplemental pro se brief were barred by Supreme Court of Virginia Rule 5A:18.[5] Wilson v. Commonwealth, No. 2392-05-1, slip op. at 2 (Va. Ct. App. July 11, 2006).

On October 2, 2006, Wilson, by appellate counsel, filed a petition for appeal in the Supreme Court of Virginia. Wilson filed a supplemental pro se pleading on November 9, 2006.[6] The Supreme Court summarily denied the petition for appeal on March 29, 2007. Wilson v. Commonwealth, No. 061999, slip op. (Va. Mar. 29, 2007).

---

(1) The trial court violated his Sixth Amendment right to confront and cross-examine adverse witnesses and his Fourteenth Amendment right to due process when the trial court allowed Brian Williams, a probation and parole officer, to testify instead of Teresa Rolka, the probation and parole officer who prepared the probation violation report. Rolka was not available to testify.

(2) The revocation hearing was an illegal proceeding.

(3) The trial court did not perform an adequate due process balancing test.

(4) The trial court abused its discretion in not ruling on the admissibility of Brian Williams's testimony.

(5) The trial court abused its discretion in allowing prosecutorial misconduct when the prosecution called Brian Williams to testify.

(6) The trial court erred in "arraigning" the defendant forty-two (42) days after Wilson's *capias* was issued.

[5] Rule 5A:18 bars the consideration on appeal of any ruling of the trial court unless the objection was first raised in the trial court. Va. Sup. Ct. R. 5A:18.

[6] Wilson argued the same claims in his supplemental pro se petition to the Supreme Court as he argued in his supplemental pro se petition to the Court of Appeals.

4

## C.  **Habeas Petition Background**

On January 13, 2008, Wilson filed a petition for a writ of habeas corpus, <u>pro se</u>, in the Circuit Court of the City of Portsmouth.  On July 24, 2008, the Circuit Court denied and dismissed Wilson's state habeas petition. <u>Wilson v. Johnson</u>, No. L-08-113, slip op. (Va. Cir. Ct. July 24, 2008).  The Circuit Court found that claim (a), alleging ineffective assistance of counsel, was meritless because Wilson did not have a constitutional right to an attorney under <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 788-91 (1973). <u>Id.</u> Claim (b), alleging prosecutorial misconduct, was barred from the Circuit Court's consideration because it was procedurally defaulted on direct appeal.

On October 3, 2008, Wilson filed a petition for appeal from the Circuit Court's denial in the Supreme Court of Virginia.  On April 2, 2009, the Supreme Court denied Wilson's petition for appeal, finding that there was no "reversible error" in the Circuit Court's judgment. <u>Wilson v. Commonwealth</u>, No. 081943, slip op. at 1 (Va. Apr. 2, 2009).

On June 12, 2009, while in the custody of the Virginia Department of Corrections at the Coffeewood Correctional Center, Wilson executed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, which this Court conditionally filed on June 24, 2009.  On July 28, 2009, Wilson filed a motion for leave to proceed <u>in forma pauperis</u>, which was denied on August 31,

2009. Subsequently, Wilson paid the required $5.00 filing fee and the Court ordered the petition filed on September 11, 2009. On October 8, 2009, Respondent filed a Motion to Dismiss and Rule 5 Answer, accompanied by a supporting brief. On October 19, 2009, Wilson filed a Motion for Extension of Time to file a response to Respondent's Motion to Dismiss. On October 28, 2009, Wilson filed a Motion for an Evidentiary Hearing. Respondent did not file responses to either of these motions.

## D. **Grounds Alleged**

Wilson asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(a) Petitioner was denied effective assistance of counsel when his defense attorney failed to object to the testimony of witness Brian Williams during the trial.

(b) Petitioner was denied due process and equal protection of law due to "Prosecutorial Misconduct" when the Prosecution knowingly used the testimony of witness Brian Williams.

Wilson's petition for a writ of habeas corpus, filed in the Circuit Court on January 13, 2008, asserted the same claims for relief as alleged in the instant petition. As discussed above, the Circuit Court dismissed that petition on July 24, 2008, which was affirmed by the Supreme Court of Virginia on April 2, 2009.

## II. **PETITIONER'S REQUEST FOR EXTENSION OF TIME**

As a preliminary matter, the Court notes that on October 19, 2009, Wilson requested an extension of time to respond to Respondent's Motion to Dismiss. On October 28, 2009, before the

6

Court could enter an order ruling on this motion, Wilson filed a Motion for an Evidentiary Hearing. The addendum to the Motion for an Evidentiary Hearing indicated that Wilson does not wish to respond to Respondent's Motion to Dismiss. The Court construes this statement as a withdrawal of his Motion for Extension of Time and accordingly, DISMISSES the motion as moot.

### III. **PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING**

Prior to addressing the merits of Wilson's habeas petition, the Court considers Wilson's request for an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2). Petitioner requests an evidentiary hearing for the purpose of addressing "the issues of 'Trial Counsel Ineffective Assistance' and 'Prosecutorial Misconduct.' [i]n violation of the Petitioner's Fifth, Sixth, and Fourteenth Amendments [sic] Rights of the United States Constitution." (Mot. for Evidentiary Hr'g 1.) Wilson argues that he is entitled to an evidentiary hearing because he was denied a hearing at every level of his state habeas proceedings and the state court's finding resulted in a unreasonable determination of the facts. Id. at 2.

The Court "may grant an evidentiary hearing in a § 2254 case only where the petitioner has 'allege[d] additional facts that, if true, would entitle him to relief' and has 'establish[ed] one of the six factors set forth in Townsend v. Sain, 372 U.S. 293 (1963).'" Robinson v. Polk, 438 F.3d 350, 368 (4th Cir. 2006)

7

(quoting <u>Fullwood v. Lee</u>, 290 F.3d 663, 681 (4th Cir. 2002)).[7]
Petitioner alleges no additional facts regarding his claims of
prosecutorial misconduct and ineffective assistance of counsel. <u>See</u>
<u>Robinson</u>, 438 F.3d at 368 (denying an evidentiary hearing where the
petitioner "alleged the *same* facts that had been alleged before the
[post-conviction] court"); <u>Cardwell v. Greene</u>, 152 F.3d 331, 338
(4th Cir. 1998) (denying petitioner's request for an evidentiary
hearing because he "failed to forecast any evidence beyond that
already contained in the record, or otherwise to explain how his
claim would be advanced by an evidentiary hearing"), <u>overruled on</u>
<u>other grounds by Bell v. Jarvis</u>, 236 F.3d 149 (4th Cir. 2000);
<u>Bennett v. Angelone</u>, 92 F.3d 1336, 1347 (4th Cir. 1996) (denying

---

[7]    The Court notes that 28 U.S.C. § 2254(e)(2) restricts the
instances in which a federal court may conduct an evidentiary
hearing to situations in which the petitioner has failed to develop
the factual basis of a claim in state court proceedings, either
because the claim relies on a new rule or because the claim relies
on "a factual predicate that could not have been previously
discovered through the exercise of due diligence."    28 U.S.C.
§ 2254(e)(2). According to the Court of Appeals for the Fourth
Circuit, 28 U.S.C. § 2254(e)(2) will not preclude an evidentiary
hearing in federal court when the state court has denied the
petitioner the opportunity to develop the factual basis of a claim,
despite his diligent efforts to do otherwise. <u>Cardwell v. Greene</u>,
152 F.3d 331, 337 (4th Cir. 1998), <u>rev'd on other grounds by Bell</u>
<u>v. Jarvis</u>, 236 F.3d 149, 163 (4th Cir. 2000). However, "Section
2254(e)(2) should not be interpreted to allow a state court to deny
a petitioner meaningful review of a federal claim by refusing to
permit development of the factual record at the state level." <u>Id.</u>
at 338.    Therefore an evidentiary hearing is not warranted unless
he has "forecasted" to the court additional facts that, if true,
would provide a basis for relief. <u>Id.</u> Petitioner has not met that
standard in the instant case because he has not alleged any
additional facts that, if true, would arguably provide a basis for
habeas relief.

8

petitioner's request for an evidentiary hearing because he "add[ed] nothing 'additional' to the factual mix already before the district court").

Because the Supreme Court dismissed Wilson's claims on the existing record and he alleges no additional facts supporting his claim, the Supreme Court did not "den[y] the petitioner the opportunity to develop the factual basis of a claim." Cardwell, 152 F.3d at 337. As a result, the Court finds that an evidentiary hearing is not required because the facts in the existing record are sufficient to resolve the legal issues raised. See, e.g., Rule 8 of the Rules Governing Section 2254 Cases; Beaver v. Thompson, 93 F.3d 1186, 1190 (4th Cir. 1996). Accordingly, Wilson's Motion for an Evidentiary Hearing is DENIED.

## IV.   **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court FINDS that all of Wilson's claims are exhausted, but that claim (b) is procedurally defaulted. Upon review of the merits, the Court recommends that claim (a) be DENIED and DISMISSED.

## A. **Exhaustion and Procedural Default**

Respondent asserts that while Wilson's claims are exhausted, claim (b) is nonetheless procedurally defaulted.

In order for the Court to address the merits of this habeas petition, all of Wilson's claims must be exhausted. See 28 U.S.C. § 2254(b).   The exhaustion requirement is satisfied when

9

"allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court," Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1197) (internal quote omitted); such claims are treated as procedurally defaulted and barred from this Court's review. Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000), cert. denied, 530 U.S. 1285 (2000).

Further, if any of Wilson's claims were presented to the highest state court, but were not addressed on the merits by that court because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are exhausted, but the procedural default prevents federal habeas review of the merits. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state court's finding of procedural default that rests upon a determination of state law is unreviewable even if the state court clearly misapplied state law. See Gilbert v. Moore, 134 F.3d

10

642, 657 n.14 (4th Cir. 1998). This Court FINDS that all of Wilson's claims are exhausted.

## 1. Claim (b) is Procedurally Defaulted

Although all of Wilson's claims are exhausted, Respondent asserts that claim (b) is procedurally defaulted because a federal court cannot review a state court's finding of procedural default in a habeas corpus proceeding. (Resp't's Br. Supp. Mot. Dismiss 17.) This Court concurs.

On direct appeal, the Circuit Court and Supreme Court of Virginia dismissed claim (b), alleging prosecutorial misconduct, on procedural grounds because Wilson failed to assert the objections he raised in his direct appeal at the trial level pursuant to Supreme Court of Virginia Rule 5A:18.[8] In his state habeas, the Circuit Court held that claim (b) was procedurally defaulted pursuant to Slayton v. Parrigan, 215 Va. 27, 30, 205 S.E.2d 680, 682 (1974).[9] Wilson v. Johnson, No. L-08-113, slip op. at 5 (Va. Cir. Ct. July 24, 2008). Slayton has consistently been held to constitute an independent and adequate state-law ground, which supports procedural default in federal court. Smith v. Murry, 477 U.S. 527, 533 (1986); Wright v. Angelone, 151F.3d 151, 159-60 (4th

---

[8]   See supra note 5.

[9]   Slayton holds that claims that could have been raised at trial or on direct appeal, but were not, and that do not concern jurisdictional issues, cannot be addressed in habeas corpus proceeding. 215 Va. at 30.

11

Cir. 1998).

## 2. Limited Exceptions to Procedural Default

Although Wilson's claim (b) is procedurally defaulted, he may still obtain review of his claims if he can establish either: (1) "cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice" because, for instance, he is actually innocent of the crime for which he is convicted. Clagett, 209 F.3d at 379 (citing Coleman, 501 U.S. at 750); see also Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright, 151 F.3d at 160 n.5 (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

Construing Wilson's pleadings liberally,[10] the Court considers whether Wilson should be excused from procedural default because he claims the failure to raise this objection at trial was the result of ineffective assistance of counsel. As discussed below, the Court finds Wilson's claim of ineffective assistance of counsel meritless. Therefore, Wilson cannot prove cause and prejudice or miscarriage of justice and, accordingly, claim (b) of Wilson's petition remains procedurally defaulted.

Based on the foregoing, the Court FINDS that all of Wilson's claims are exhausted, but that claim (b) is procedurally defaulted under Virginia law and is therefore barred from this Court's review. The Court RECOMMENDS that claim (b) be DENIED and DISMISSED.

## B. **Merits**

The Court now considers claim (a) on the merits. A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

---

[10] "[A] *pro se* litigant is entitled to a liberal reading of [his] pleadings." Jacobi v. Blocker, 153 F.R.D. 84, 86 (E.D. Va. 1994); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007). It is with this principal in mind that the Court construes the various pleadings submitted by this *pro se* petitioner.

13

evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (citations omitted). See also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[]"). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411. In deference to the state court's decision, this Court may not grant relief unless it determines that the decision on the merits was "legally or factually unreasonable." Bell, 236 F.3d at 163 (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

14

## 1. Ineffective Assistance of Counsel

In claim (a), Wilson alleges that his counsel was ineffective because his attorney failed to object to the testimony of probation officer Brian Williams ("Williams"). (Petition for Writ of Habeas Corpus 6.) Specifically, Wilson contends that his attorney should have objected to Williams's testimony when he stated under oath that he supervised Wilson on probation.[11]  Id. at 11.  Wilson asserts that his attorney was aware of the fact that Williams was not Wilson's current probation and parole officer at the time of the revocation hearing.  Id. at 12.

The Circuit Court[12] rejected Wilson's claim that his attorney's failure to object to Williams's testimony amounts to ineffective assistance of counsel.  Wilson v. Johnson, No. L-03-113, slip op. at 3 (July 24, 2008).  A defendant does not have a constitutional

---

[11]  Wilson asserts that Williams committed perjury when he stated that he was Wilson's probation officer.  Williams was not Wilson's probation and parole officer during the time of the probation violation at issue. (Petition for Writ of Habeas Corpus 11-12.)  Wilson claims that Teresa Rolka was serving as his probation officer during that time.  Id.  Rolka was the probation officer responsible for issuing the *capias* for Wilson's arrest and reporting the violation.  Id. at 12.  Rolka was not present during the revocation hearing.  Id.  Wilson argues that if his attorney had objected to Williams's testimony, the court would have excluded the testimony.

[12]  Because the Supreme Court of Virginia summarily denied Wilson's appeal, this Court looks to the previous state court decision as the last reasoned state judgment on his claims.  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  In this case, the Circuit Court considered Wilson's claim on the merits and, therefore, this Court looks to that decision as the last reasoned state judgment on this claim.

15

right to counsel at a probation revocation hearing in all circumstances. Gagnon v. Scarpelli, 411 U.S. 778, 788-791 (1973); see also Brinkley v. Hinkle, No. 1:09cv35, 2010 WL 722735, at *5 (E.D. Va. Mar. 1, 2010). Instead, "the decision as to the need for counsel must be made on a case-by-case basis" informed by the facts and circumstances of the case. Gagnon, 411 U.S. at 791. The Circuit Court found that Wilson was not constitutionally entitled to counsel because the probation revocation hearing was not based on "technical or complex violation of probation requirements," or a complicated proceeding involving difficult legal concepts. Wilson, No. L-03-113, slip op. at 2. The basis of the probation violation was Wilson's newly acquired convictions, which he did not dispute. Id. at 3. Accordingly, Wilson did not have the right to counsel at his probation hearing. See Gagnon, 411 U.S. at 791 ("[R]espondent's admission to having committed another serious crime creates the very sort of situation in which counsel need not ordinarily be provided.").

Even if Wilson did have a right counsel, his claim of ineffective assistance of counsel fails under the controlling standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, the court is required to subject Wilson's claim to a two-prong test in which the petitioner must prove both ineffective assistance (incompetence) and prejudice. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). To grant relief,

16

the state court had to find: (1) that Wilson's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, <u>Strickland</u>, 466 U.S. at 690; and (2) a reasonable probability exists that the outcome of the proceeding would have been different, but for his lawyer's errors," <u>id.</u> at 694.

When assessing counsel's performance under <u>Strickland</u>'s first prong, the Supreme Court of the United States has stressed that the constitutional guarantee of effective assistance of counsel seeks only "to ensure that criminal defendants receive a fair trial," and "not to improve the quality of legal representation." <u>Id.</u> at 689. The reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> In order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" <u>Id.</u> (quoting <u>Michel v. Louisiana</u>, 350 U.S. 91, 101 (1955)). Accordingly, the reviewing court must grant "a heavy measure of deference to counsel's judgments," <u>id.</u> at 691, and, in doing so, may only evaluate such performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances," <u>Kimmelman</u>, 477 U.S. at 381. Additionally, a reviewing court generally should "assess counsel's overall performance throughout the case," <u>Kimmelman</u>, 477 U.S. at 386, and avoid "Monday morning quarterbacking," <u>Stamper v. Muncie</u>, 944 F.2d

17

170, 178 (4th Cir. 1991); see also Strickland, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .").

The second prong of the Strickland analysis presents an equally rigorous standard. To affirmatively prove prejudice, a petitioner must do more than merely demonstrate that his attorney's "errors had some conceivable effect" on the outcome of the proceeding. Strickland, 466 U.S. at 693. Rather, the petitioner must demonstrate "a reasonable probability[13] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. As with the first prong, the reviewing court must consider the totality of the evidence in conducting the prejudice inquiry. Id. at 695.

Additionally, a reviewing court need not consider the two prongs of the Strickland analysis in sequential order. Id. at 697. The court need not even "address both [prongs] if the [petitioner] makes an insufficient showing on one." Id. When evaluating an ineffective assistance of counsel claim, a court should first apply whichever prong more quickly disposes of the respective claim. Id.

The Circuit Court dismissed Wilson's claim under the "prejudice" prong of Strickland because the record established (1)

---

[13]    The Court notes that this standard is not so high as to require that a petitioner "show that counsel's deficient conduct more likely than not altered the outcome in the case." Strickland, 466 U.S. at 693-94.   "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

that the two new convictions, including a drug felony, served as the bases of the revocation; (2) that documentary evidence and Wilson's own admission supported these convictions; and (3) that Wilson failed to establish how Williams's testimony prejudiced him or how Rolka's testimony would have helped him. <u>Wilson</u>, No. L-03-113, slip op. at 3. The Circuit Court also found that Williams's testimony during the revocation hearing did not constitute perjury[14] and that counsel did not err in failing to object to Williams reading a probation violation letter prepared by Rolka.[15] The Circuit Court found that Wilson was not prejudiced by Williams's testimony because the pertinent testimony offered by Williams was Wilson's new convictions, a fact supported by documentary evidence and Wilson's own admission. This Court concurs with the Circuit Court's evaluation of Wilson's claim under <u>Strickland</u>.

Because the Circuit Court clearly articulated the rationale

---

[14] During the September 2005 revocation hearing, the prosecutor asked Williams if he supervised Wilson's probation. Williams responded, "Yes ma'am." Williams served as Wilson's probation and parole officer until October 2004. (Petitioner's Affidavit in Support of Writ of Habeas Corpus at 1.)

[15] This Court notes that many of the procedures and rules observed in criminal prosecutions do not apply to probation revocation hearings. <u>See</u> <u>Gagnon</u>, 411 U.S. at 789 ("In a revocation hearing, . . . formal procedures and rules of evidence are not employed."). Specifically, "[t]he Fourth Circuit has held that hearsay evidence is admissible in probation revocation proceedings if it is sufficiently reliable." <u>United States v. Palmer</u>, 463 F. Supp. 2d 551, 554 (E.D. Va. 2006); <u>see also</u> <u>United States v. McCallum</u>, 677 F.2d 1024, 1026 (4th Cir. 1982) ("[T]he Federal Rules of Evidence pertaining to hearsay do not apply to probation revocation hearings.").

behind its ruling, an independent review of the record is not necessary. See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000). This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale would appear to be a reasonable application of Strickland v. Washington, 466 U.S. 668 (1984), which provides the controlling standard in ineffective assistance of counsel claims. Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Wilson failed to show that the Circuit Court's dismissal of claim (a) on the merits was either factually or legally unreasonable. Accordingly, this Court RECOMMENDS that claim (a) be DENIED and DISMISSED.

### V.   **RECOMMENDATION**

For the foregoing reasons, having found that claim (a) is without merit and that claim (b) is procedurally defaulted, the Court RECOMMENDS that Wilson's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED, and that all of Wilson's claims be DISMISSED WITH PREJUDICE.

Wilson failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

## VI. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1):

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. <u>See</u> Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will

result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140, 153-54 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433, 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

United States Magistrate Judge

Norfolk, Virginia

April 16, 2010

22

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Carlianzo Ramon Wilson, #329311
Indian Creek Correctional Center
801 Sanderson Road
Chesapeake, Virginia 23327
PRO SE

Virginia B. Theisen, Esq.
Senior Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT

Fernando Galindo,

Clerk of Court

By:

Deputy Clerk
April 19, 2010